IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Steven Johnson, ) | 3:25-cv-5440-SAL |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | **(JURY TRIAL DEMANDED)** |
| ) | |
| Floor and Decor Outlets of America, Inc., ) | |
| ) | |
| ) | |
| Defendant. ) | |

The Plaintiff would respectfully show unto the Court that:

**PARTIES AND JURISDICTION**

1. The Plaintiff is a citizen and resident of Lexington County, State of South Carolina.

2. Defendant Floor and Decor Outlets of America, Inc. (hereinafter "Floor and Decor") is a corporation licensed to do business in the State of South Carolina that is organized under the laws of the State of Delaware. Defendant Floor and Decor maintains an agent for service of process in CT Corporation System, which is located at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. Upon information and belief, Defendant Floor and Decor maintains their principal place of business in Cobb County, State of Georgia.

3. Upon information and belief, Defendant Floor and Décor Outlets of America, Inc. is a wholly owned subsidiary of FDO Acquisition Corp. Upon information and belief, FDO Acquisition Corp. is a wholly owned subsidiary of Floor & Décor Holdings, Inc. a publicly traded entity.

1

4. The District Court of South Carolina possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the parties are completely diverse and the amount in controversy exceeds $75,000.00.

5. Defendant Floor and Decor is subject to the Court's specific personal jurisdiction, as the acts and omission complained of here in occurred within the State of South Carolina.

6. The District Court of South Carolina Columbia Division is the appropriate division, as the acts and/or omissions giving rise to the action occurred within the Columbia Division of the District of South Carolina, specifically the County of Lexington, State of South Carolina and the parties are completely diverse.

7. Venue is appropriate in the Columbia Division of the District Court of South Carolina pursuant to 28 U.S.C. § 1391 and Local Civil Rule 3.01 DSC because a substantial part of the events giving rise to the claim occurred within the Columbia Division of the District of South Carolina, specifically the County of Lexington, State of South Carolina.

## FACTUAL BACKGROUND

8. Upon information and belief, Defendant Floor and Decor operates a store located at 3700 Fernandina Road, Columbia, South Carolina, 29210 that sells selling tile, flooring, and related accessories.

9. The premises located at 3700 Fernandina Road, Columbia, South Carolina 29210 includes a parking lot.

10. The parking lot upon the premises has islands, or unpaved areas with mulch, throughout the parking lot.

11. Below is an aerial view of the building and parking lot upon the premises; the above referenced islands across the parking lot are shown as well, the majority appearing as an oval shape:



12. On or about November 5, 2023, Plaintiff Johnson was a customer and patron of Defendant Floor and Decor, located at 3700 Fernandina Road, Columbia, South Carolina 29210.

13. At all times relevant to this Complaint, Plaintiff Johnson was a business invitee as to Defendant Floor and Decor.

14. At all times relevant herein, Defendant Floor and Decor was responsible for the maintenance and condition of premises located at 3700 Fernandina Road, Columbia, South Carolina, including the parking lot of the premises.

15. On or about November 5, 2023, Plaintiff Johnson was traversing the parking lot, walking from his vehicle to the store.

3

16.  While walking through the parking lot, Plaintiff Johnson traversed across one of the islands in the parking, which is shown below:



17.  Defendant Floor and Decor intended for patrons to walk across the islands, knew patrons would walk across the island or should have known patrons would walk across the island while traversing the parking lot.

18.  As Plaintiff Johnson traversed the parking lot and walked across the island, he tripped and fell upon a metal rod that was protruding from the ground on Defendant's property.

19.  At all times relevant to this Complaint, Plaintiff Johnson was unaware of the unreasonably dangerous and/or hazardous condition of the metal rod protruding from the mulch patch on Defendant's premises.

20. The metal rod was not obvious or readily visible to the Plaintiff. The metal rod can be seen in the above provided photo, upon meticulous examination. It may more clearly be seen in the below close-up photo:



21. The metal rod constituted an unreasonably dangerous and/or hazardous condition.

22. At all times relevant to this Complaint, the unreasonably dangerous and/or hazardous condition of the metal rod in the mulch patch was not open or obvious.

23. At all times relevant to this Complaint, the metal rod was camouflaged, hidden, or otherwise blended into the island.

24. At all times relevant to this Complaint, there was no signage posted to warn Plaintiff of the metal rod protruding from the mulch patch on Defendant Floor and Decor's property.

25. At all times relevant to this Complaint, Plaintiff Johnson did not contribute to the trip and fall.

26. At all times relevant to this Complaint, Plaintiff Johnson was exercising due care for his own safety.

27. At all times relevant to this Complaint, Defendant Floor and Decor know or should have known of the metal rod protruding from the mulch.

28. Upon information and belief, the metal rod upon which the Plaintiff tripped had been upon the premises for greater than one year.

29. At all times relevant to this Complaint, Defendant Floor and Decor knew or should have known of the metal rod protruding from the mulch was an unreasonably dangerous and/or hazardous condition.

30. Upon information and belief, Defendant Floor and Decor or its agent or its employee created the unreasonably dangerous condition by install the metal rod upon the premises.

31. At all times relevant to this complaint, the metal rod upon which the Plaintiff tripped was serving no beneficial purpose.

32. At all times relevant to this Complaint, Defendant Floor and Decor had actual, constructive, and/or continuous knowledge of the condition of the metal rod protruding from the mulch, which constituted an unreasonably dangerous and/or hazardous condition on Defendant Floor and Decor's property.

33. As a direct and proximate result of the fall, Plaintiff Johnson suffered the following injuries and damages:

   a. Extensive pain, mental anguish, suffering, and discomfort;

   b. Disability for a period of time, past, present, and future;

   c. Money spent for medical care and treatment, past, present, and future;

   d. Inability to carry on normal activities;

  e. Permanent injuries and disability;

  f. Emotional trauma and distress;

  g. Loss of enjoyment of life;

  h. Permanent scarring and disfigurement; and,

  i. Time and wages lost from his job.

**FOR A FIRST CAUSE OF ACTION**
**Against Defendant Floor and Decor**
**(Negligence)**

34. Plaintiff repeats and realleges as if verbatim 1-32.

35. At all times relevant to this Complaint, Plaintiff was a business invitee on Defendant Floor and Decor's premises.

36. Defendant Floor and Decor had exclusive possession and control of the premises.

37. Defendant Floor and Decor failed to exercise ordinary care in the maintenance of the premises and this failure caused Plaintiff to trip and fall on the metal rod protruding from the mulch patch.

38. Defendant Floor and Decor had actual or constructive knowledge of the hazard on the premises that caused Plaintiff's fall, specifically the unreasonably dangerous condition of the metal rod protruding from the mulch patch.

39. Defendant Floor and Decor, its agent, or its employee placed the metal rod upon the premises.

40. Defendant Floor and Décor, its agent, or its employee failed to remove the metal rod from the premises.

41. Plaintiff was without knowledge of the defect on the premises that caused Plaintiff's fall.

42. At all times relevant to this Complaint, Defendant Floor and Decor's owed the Plaintiff, its customers, business invitees, and the general public the following duties of reasonable and ordinary care:

   a. to maintaining its property in a safe manner;

   b. to prevent bodily injury to its business invitees;

   c. to not creating unreasonably dangerous conditions;

   d. to remedy unreasonably dangerous conditions;

   e. to its business invitees of latent or hidden dangers that it knew or should have known of its existence;

   f. to inspect and discover latent and hidden dangers existing on its premises;

   g. to address and eliminate foreseeable unreasonable risks existing upon its premises;

   h. to address and eliminate foreseeable unreasonably dangerous conditions existing on its premises;

   i. to implement and comply with its relevant policies and procedures; and,

   j. to implement and comply with relevant industry standards and respective standards of care.

43. The injuries and damages incurred by the Plaintiff were directly and proximately caused by Defendant Floor and Decor's careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars;

   a. In failing to maintain its property in a safe manner;

   b. In failing to prevent bodily injury to its business invitees;

   c. In failing to prevent bodily injury to the Plaintiff;

d.  In failing to warn its business invitees of latent or hidden dangers that it knew or should have known of its existence;

e.  In failing to warn Plaintiff Johnson of the dangerous condition of the metal rod protruding from the island;

f.  In failing to inspect and discover latent and hidden dangers existing on its property; specifically, the condition of the metal rod protruding from the mulch on its property;

g.  In failing to address and eliminate foreseeable unreasonable risks existing on its property; specifically, the unreasonably dangerous and/or hazardous condition of the metal rod protruding from the island;

h.  In failing to address and eliminate foreseeable unreasonably dangerous conditions existing on its property; specifically, the unreasonably dangerous and/or hazardous condition of the metal rod protruding from the mulch island;

i.  In failing to implement and comply with its relevant policies and procedures;

j.  In installing the metal rod upon the premises;

k.  In failing to remove the metal rod from the premises;

l.  In failing to otherwise make the metal rod safe;

m.  In failing to remove or make the metal rod safe after the metal rod had fully served any beneficial purpose;

n.  In concealing the metal rod with mulch;

o.  In not maintaining the island is a manner such that the metal rod was not an unreasonably dangerous, hidden condition.

  p. In failing to implement and comply with relevant industry standards and applicable standards of care; and,

  q. Any other acts and/or omissions that are revealed through discovery.

21. Defendant's careless, negligent, willful, wanton, reckless and unlawful acts were a direct and proximate cause of the trip and fall and resulting injuries and damages to the Plaintiff.

22. The Plaintiff is informed and believes that he is entitled to judgment against the Defendant for actual and punitive damages in an appropriate amount.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for actual and punitive damages in an appropriate amount to be determined at trial that exceeds $75,000.00, the costs of this action, and for such other and further relief as the Court may deem just and proper.

      SMITH, BORN, LEVENTIS, TAYLOR & VEGA, LLC

      *s/ James D. George, Jr.*
      James D. George, Jr. (Fed ID. No. 13018)
      Jacob D. Born (Fed ID. No. 11281)
      Virginia Kendall (Fed. ID. No. 14185)
      Attorneys for the Plaintiff
      2801 Devine Street, Suite 300
      Columbia, SC 29205
      (803) 929-3600
      (803) 929-3604 (fax)
      jgeorge@sbltv.law